**SIGNED THIS: November 29, 2005**

_____
**THOMAS L. PERKINS
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TERRY SPANN and DORIS SPANN, ) | No. 05-81108 |
| ) | |
| Debtors. ) | |

**O P I N I O N**

Before the Court is the objection by Gary T. Rafool, the Chapter 7 Trustee (TRUSTEE), to the claim of homestead exemption made by the Debtor, Doris Spann (DORIS). In addition to her own exemption, DORIS claims a survivor's exemption arising from the death of her first husband. She remarried, however, before bankruptcy. The issue is whether remarriage terminates the right to a survivor's exemption.

The relevant facts are not in dispute. DORIS and her former husband, David Buxton, jointly owned their residence at 368 S. Elm Street in El Paso, Illinois. After Mr. Buxton's death, DORIS continued to reside in the residence. She later married Terry Spann, and he moved into the property. DORIS filed a joint Chapter 7 petition with Terry Spann on March 12, 2005, claiming a $15,000 homestead exemption under 735 ILCS 5/12-

901. Title to the property has at all times remained in the names of DORIS and her first husband.

The TRUSTEE objected to the claim of exemption, alleging that Terry Spann was never in title to the property and that the claim should be limited to $7,500.[1] A hearing was held on the objection on June 20, 2005. DORIS asserted that she is entitled to a double claim of homestead, claiming her deceased former husband's exemption under 735 ILCS 5/12-902 as well as her own pursuant to 735 ILCS 5/12-901. Agreeing that a surviving spouse is generally entitled to a double homestead exemption if he or she continues to reside in the home where he or she resided with the deceased spouse, the TRUSTEE opposes DORIS' claim as surviving spouse, arguing that her remarriage terminated her right to claim a homestead exemption as the surviving spouse of David Buxton.

The homestead exemption, having existed in Illinois since 1851, is a purely constitutional and statutory right.[2] Its lengthy history has been peppered with troublesome questions of construction.[3] At issue here is the application of Section 12-902, which provides for the continuation of the exemption after death or desertion for the benefit of the debtor's spouse and/or minor children. That section provides:

> Such exemption shall continue after the death of such individual, for the benefit of the spouse surviving, so long as he or she continues to occupy such homestead, and of the children until the youngest child becomes 18

---

[1] It is not disputed that title is a prerequisite for an exemption under Section 12-901. *See, De Martini v. De Martini,* 385 Ill. 128, 52 N.E.2d 138 (1943); *In re Hartman,* 211 B.R. 899 (Bankr.C.D.Ill. 1997). Terry Spann, not holding title, is not entitled to an exemption under Section 12-901.

[2] The Illinois Constitution of 1870, Article IV, provides:
Section 32. Homestead and exemption laws. The general assembly shall pass liberal homestead and exemption laws.

[3] As early as 1871, the Supreme Court, in *Black v. Curran*, 81 U.S. 463, 20 L.Ed. 849, 14 Wall. 463 (1871), addressed an "embarrassment" in the administration of the Illinois homestead law concerning confusion over whether homestead property may be forcibly sold subject to the owner's right of occupancy.

2

> years of age; and in case the spouse deserts his or her family, the exemption shall continue in favor of the one occupying the premises as a residence.

735 ILCS 5/12-902. The right granted by this provision is entirely derivative, preserving in favor of the surviving spouse and/or minor children, the homestead right to which the deceased had been entitled. By operation of law, that homestead estate vests in the surviving spouse and/or minor children. Thus, the nature and extent of this survivor's right is defined by the primary right of homestead, found in Section 12-901, which provides:

> Every individual is entitled to an estate of homestead to the extent in value of $7,500 of his or her interest in a farm or lot of land and buildings thereon, a condominium, or personal property, owned or rightly possessed by lease or otherwise and occupied by him or her as a residence, or in a cooperative that owns property that the individual uses as a residence. That homestead and all right in and title to that homestead is exempt from attachment, judgment, levy, or judgment sale for the payment of his or her debts or other purposes and from the laws of conveyance, descent, and legacy, except as provided in this Code or in Section 20-6 of the Probate Act of 1975. This Section is not applicable between joint tenants or tenants in common but it is applicable as to any creditors of those persons.
>
> If 2 or more individuals own property that is exempt as a homestead, the value of the exemption of each individual may not exceed his or her proportionate share of $15,000 based upon percentage of ownership.

The purpose of the estate of homestead and the exemption is to secure for the debtor and his family the necessary shelter or the means to acquire shelter during difficult economic circumstances. *Bank of Illmo v. Simmons*, 142 Ill.App.3d 741, 492 N.E.2d 207 (Ill.App. 5 Dist. 1986). Given that purpose, the homestead laws are liberally construed by Illinois courts. *Matter of Matthews*, 43 B.R. 466 (N.D.Ill. 1984). A debtor's homestead right is not a mere exemption, but a freehold estate in land.[4] *Matter of Szekely*, 936 F.2d 897, 903

---

[4] This was not always so. When first enacted, the right of homestead was just a "mere exemption or right of occupancy." Explaining the change, the court in *Browning v. Harris*, 99 Ill. 456 (1881), stated:

> A right so precarious and restricted was not only, to some extent, anomalous in the law of real property, but it failed to meet the varied wants and necessities of homestead occupants and their families, growing out of the ownership of such an interest. Temporary removals, even, could not

3

(7th Cir. 1991). Where the value of the property exceeds the amount of the statutory exemption, the homestead estate is in reality a monetary exemption. *Bank of Illmo v. Simmons*, *supra*. It permits the debtor to remain in the property until the cash value of the exemption is received. *Matter of Szekely*, *supra.* A homestead right, once acquired, may be voluntarily relinquished or conveyed as provided by statute, but cannot be involuntarily taken away. *People v. One Residence Located at 1403 East Parham Street*, 251 Ill.App.3d 198, 621 N.E.2d 1026 (Ill.App. 5 Dist. 1993).

The TRUSTEE does not dispute that DORIS acquired her first husband's homestead exemption right upon his death by operation of Section 12-902. *See, In re Rhoades,* 176 B.R. 167 (Bankr.C.D.Ill. 1994). His sole argument is that the survivor's exemption terminated upon remarriage.

In support of her position that the survivor's exemption under Section 9-102 was not lost when she remarried, DORIS relies on *Yeates v. Briggs*, 95 Ill. 79 (1880), decided under a previous version of the statute providing for a single exemption for a householder. Relying on the applicable statute which provided that the homestead continued "until the death of such widow," the court held that the widow's remarriage did not change her rights under the statute, concluding that the homestead could only be terminated by release or by abandonment.

---

safely be made without giving color to the claim of abandonment, and if the occupant did not happen to own the estate to which the right attached, however valuable he may have rendered it by improvements, and however imperative his necessities might require a change of residence, he could not sell or otherwise dispose of it to any one except the owner of the estate, who might allow him something or nothing for it, just as he saw fit. The homestead occupant thus circumstanced was placed at the mercy of the owner of the legal title.

Again, the right of the surviving husband or wife to the homestead might be defeated altogether, by partition proceedings at the suit of the heirs, at that advanced period of life when the comforts of a home are most needed. With a view of remedying these inconveniences and manifest defects in the prior law, and placing the right of homestead upon a substantial and solid basis, the legislature, in 1873, passed an amendatory act, radically changing some of the provisions of the Homestead law.

4

The TRUSTEE contends that a different result should occur under the current version of the homestead statute, which provides for continuation of the exemption "for the benefit of the spouse surviving, so long as he or she continues to occupy such homestead." The sum total of the TRUSTEE'S argument is that a person cannot be a "surviving spouse" if he or she remarries and becomes the spouse of a different person. The TRUSTEE'S argument has only a superficial plausibility and does not withstand analysis in light of the decided case law. In 1872, the homestead law was amended to continue the exemption for the benefit of a surviving husband as well as a surviving wife, providing for the continuation "for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead . . . ." *See, Powell v. Powell*, 247 Ill. 432, 93 N.E. 432 (1910). Cases decided after this change continued to hold that remarriage did not result in termination of the homestead estate. *Loveless v. Thomas*, 152 Ill. 479, 38 N.E. 907 (1894)(removal to home of second husband after remarriage of a widow raises presumption of abandonment); *Dinquel v. Dacco,* 273 Ill. 117, 112 N.E. 337 (1916); *Rasmussen v. Rasmussen*, 368 Ill. 137, 13 N.E.2d 166 (1938). The 1982 change in the statute from "husband or wife surviving " to "spouse surviving"was nothing more than a change in semantics, without any substantive effect. P.A. 82-280. Against this background, the TRUSTEE'S argument loses its surface appeal.

Nor does this Court consider that the 1982 amendment to Section 12-901, changing the person who qualified for a homestead exemption from a " householder with a family" to "[e]very individual" and reducing the amount of the exemption from $10,000 to $7,500, effected any change in the continuance of the surviving spouse's homestead exemption

under Section 12-902.[5]  *See,* Ill.Rev.Stat.1981, ch 52, par.1, repealed by P.A. 82-280, sec. 19B-101, eff. July 1, 1982.  The amendments were made in response to the recently enacted Bankruptcy Code and at Congress' urging for states to expand their rather limited exemptions.  *See, In re Ashley,* 317 B.R. 352 (Bankr.C.D.Ill. 2004)(*citing In re Marriage of Logston*, 103 Ill.2d 266, 469 N.E.2d 167 (1984)).  Though the amount of the exemption was reduced for surviving spouses and minor children claiming the exemption under Section 12-902, the predominant effect of the amendment was to increase the homestead exemption, bringing it in line with the exemption available under Section 522 of the Bankruptcy Code.[6]

Moreover, except as noted above, Section 12-902 remained unchanged.  It is significant that the Legislature chose not to amend Section 12-902 to provide for termination of the survivor's exemption upon remarriage, even though the 1982 exemption amendments were quite comprehensive and the Legislature is presumed to have been aware of the earlier case law holding that remarriage does not terminate the survivor's exemption absent abandonment.  *See, Kozak v. Retirement Bd. of Firemen's Annuity and Ben. Fund of Chicago,* 95 Ill.2d 211, 218, 447 N.E.2d 394, 398 (1983) (must be presumed in adopting statutory amendment legislature was aware of judicial decisions concerning prior

---

[5] Reflecting 19th Century mores, it was the husband who was presumed the "householder" contemplated by the statute, although it could be the wife upon a proper showing.  *First Nat. Bank & Trust Co. of Rockford v. Sandifer*, 121 Ill.App.2d 479, 258 N.E.2d 35 (Ill.App. 2 Dist. 1970); *In re Doyle*, 209 B.R. 897 (Bankr.N.D.Ill. 1997).

[6] Section 522(b)(1) allowed an individual debtor to exempt property listed in Section 522(d)(1), which permitted an exemption for:
> The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

The 1994 Bankruptcy Reform Act increased the homestead exemption to $15,000, providing for the amount to be adjusted every three years.  The current amount of the exemption is $18,450.  11 U.S.C. § 522(d)(1).

6

and existing law). The interpretation adopted herein, rejecting the implied condition of termination upon remarriage proffered by the TRUSTEE, effects a "plain meaning" rule of statutory construction, which is the primary rule in Illinois. *Nottage v. Jeka,* 172 Ill.2d 386, 392, 667 N.E.2d 91, 93 (1996) (courts should not, under guise of statutory construction, add requirements or impose limitations inconsistent with plain meaning of enactment); *People v. Dixon,* 359 Ill.App.3d 938, 835 N.E.2d 925, 928 (Ill.App. 4 Dist. 2005).

The effect of remarriage upon rights or benefits accorded to a person as a surviving spouse is not unique to homestead laws, and from those related cases a sound rationale can be discerned. Addressing a similar conundrum, the court in *Duckett v. Kansas Soldiers' Compensation Board*, 145 Kan. 520, 66 P.2d 410, 413 (1937), determining whether a soldier's widow, having remarried, was entitled to unpaid compensation due the deceased soldier, concluded that the word "widow" in the intestacy statute referred to "the person and not to her state or condition, whether she remains a widow or marries again." The Supreme Court of Illinois distinguished both *Yeates v. Briggs, supra*, and *Duckett* in *People ex rel. Mosco v. Service Recognition Bd.*, 403 Ill. 442, 86 N.E.2d 357 (1949), a case involving a remarried widow's right to a veteran's benefit, determining that the widow in that case did not have a vested right to the benefits. The court explained:

> It appears to have been well determined in this State that the payment of a World War bonus or pension is considered to be in the nature of a bounty or gratuity, in recognition of patriotic service, and has never been considered to be a vested right. *Pecoy v. City of Chicago*, 265 Ill. 78, 106 N.E. 435; *Hagler v. Small*, 307 Ill. 460, 138 N.E. 849; *McCann v. Retirement Board*, 331 Ill. 193, 162 N.E. 859.
> We believe a 'widow' has been generally described as 'a woman whose husband is deceased and who has not remarried.' This is the definition given by Webster and other standard dictionaries. In Vol. 45, Words and Phrases, Perm.Ed., page 144, citing many authorities, a widow is

described as 'a woman who has lost her husband and has not married again.' In 2 Bouv. Law Dict., Rawle's Third Revision, page 3454, it is stated: 'In legal writings, widow is an addition given to a woman who is unmarried and whose husband is dead. A widow who has married again cannot be a widow.' *See, also, Town of Solon v. Holway*, 130 Me. 415, 157 A. 236; *In re Crook's Estate*, 140 Misc. 721, 252 N.Y.S. 373. Such dictionary definitions are not always controlling where the language of a statute indicates a contrary intention on the part of the legislature. While the courts have generally held that a wife of a deceased husband relinquishes her status as his 'widow' on her remarriage, they have also said that whenever a right by law is attached to a person by reason of her being a widow, such right remains unless other words are used in the act which limit it. Then it is said the law invests them with the name of 'husband' or 'wife' or 'widow' for certain legal purposes, and under these names, although the designation may not come within the definition of the dictionary, property may vest in them, whether it comes to them by legacy or otherwise. *In re McArthur's Estate*, 210 Cal. 439, 292 P. 469, 72 A.L.R. 1318. This rule would except all vested rights which are fixed at the date of the death of the husband.

403 Ill. at 450-51, 86 N.E.2d at 361-62. Because the estate of homestead which continues in the "spouse surviving" is a vested right, the right to claim a homestead exemption is not lost on remarriage.[7] That has long been the rule and it is not a reflection of the semantics of the statute, but rather of the nature of the homestead estate.

Accordingly, the TRUSTEE'S objection to DORIS' claim of homestead exemption under Section 9-102 will be denied. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###

---

[7]The rule is not, however, "once a spouse, always a spouse." A divorced spouse is not a "surviving spouse" and the homestead exemption of the former spouse does not continue for his or her benefit, unless provided for at the time of the divorce. *Barkman v. Barkman*, 209 Ill. 269, 70 N.E. 652 (Ill. 1904); *Stahl v. Stahl*, 114 Ill. 375, 2 N.E. 160 (Ill. 1885).